# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DIANE HOLT,

    Plaintiff,

v.

THE CITY OF NORTH LAS VEGAS,

    Defendant.

Case No. 2:09-CV-01932-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Preliminary Injunction (#19). Defendant filed a response in opposition (#20).

    Plaintiff filed the present action on July 16, 2009 alleging violations of Title VII. The parties participated in the required Early Neutral Evaluation with the court on February 19, 2010. Since that date Plaintiff alleges that she has suffered the following retaliation: (1) co-workers have made unfounded complaints and accusations that she was receiving "special treatment" from a supervisor, (2) co-workers alleged that she is having an affair with a supervisor, (3) a co-worker has threatened Plaintiff's person and property, (4) Plaintiff's supervisor has been reprimanded and punished for supporting her, and (5) Plaintiff is forced to sit at a desk outside the office of the manager who Plaintiff alleges harassed and retaliated against her. Plaintiff has provided no affidavit supporting these allegations, or other admissible evidence.

The Court must deny Plaintiff's motion because Plaintiff has failed to meet the burden required for injunctive relief.  "Preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." A&M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) (citations and quotations omitted).  "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly.  No chance of success at all, however, will not suffice." Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978) (citations and quotations omitted).   The moving party bears the burden of proof on each element of either test. See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197,1203 (9th Cir. 1980).

Here, Plaintiff has established neither a probability of success on the merits nor that serious questions have been raised and that the balance of hardships tips in her favor.  The mere allegations of Plaintiff's motion are not enough to bear her burden of proof.  The Court will reconsider its denial if Plaintiff makes sufficiently supported allegations of ongoing, retaliatory conduct on Defendant's part.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction (#19) is **DENIED**.

DATED this 12th day of October 2010.

_____
Kent J. Dawson
United States District Judge